IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 25 2011 ★
DOCKET & FILE
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

B. GRAJALES,

            Plaintiff,

-against-

LUIS MENDEZ; CITY OF NEW YORK (New York City Police Department; New York City Building Department); JOHN/JANE ONE THROUGH ONE HUNDRED, each are police officials and/or building inspectors, or contractors,

            Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
11 CV 3069 (KAM)

**MATSUMOTO, United States District Judge**:

Pro se plaintiff B. Grajales ("plaintiff") filed the instant complaint against Luis Mendez, the City of New York and John and Jane Doe 1-100 ("defendants") on June 21, 2011, pursuant to 42 U.S.C. §§ 1981, 1982. (ECF No. 1, Complaint, filed June 21, 2011 ("Compl.").) As set forth below, the court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismisses the complaint.

## Background

Plaintiff alleges that her son, Luis Mendez ("Mendez"), has "taken up residency inside the home of the Plaintiff" without her permission. (Compl. at ¶ 4.) Plaintiff further alleges that "Mendez has engaged in a long time campaign of terrorism of his family, and sibling" including threatening to harm his family and threatening to force his family into a shelter. (Id. at ¶ 7.) Plaintiff states that although she has complained to the "local authorities," they have failed to provide assistance. (Id.) Plaintiff seeks monetary damages and an order preventing Mendez from coming within 300 yards of her. (Id. at ¶ 20.)

1

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). As plaintiff is proceeding *pro se*, however, her complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the court is obliged to construe her pleadings liberally and interpret them as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

## Discussion

To state a claim under §§ 1981 and 1982, plaintiff must show: (1) she is a member of a racial minority; (2) defendant intended to discriminate on the basis of race; and (3) the discrimination involved one or more of the activities enumerated in the statutes—i.e. to make and enforce contracts (§ 1981) or to hold and convey property (§ 1982). McKnight v. Middleton, 699 F. Supp. 2d 507, 529 (E.D.N.Y. 2010); see also Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993). Plaintiff must further allege that defendants' actions were purposefully discriminatory and racially motivated. See Amadasu v. Ngati, No. 05 CV 2585, 2006 WL 842456, at *6 (E.D.N.Y. Mar. 27, 2006) (citing Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982) (Section 1981 can be violated only by intentional discrimination)). Finally, the intentional and

2

purposeful discrimination, as well as the racial animus constituting the motivating factor for defendants' actions, must be specifically pleaded in the complaint. Sanders v. Grenadier Realty, Inc., No. 08 Civ. 3920, 2009 WL 1270226, at *2 (S.D.N.Y. May 6, 2009) (citation omitted).

Plaintiff's complaint is devoid of sufficient factual allegations to support a plausible claim under § 1981 or § 1982. With respect to her § 1981 claim, plaintiff fails to allege that she has been deprived of her right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property. . . ." 42 U.S.C. § 1981. With respect to her § 1982 claim, plaintiff fails to allege a deprivation relating to claims involving her right to "to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982.

Even assuming that plaintiff is a member of a protected class, there is no evidence of intentional discrimination on the part of any of the named defendants, or that any of the alleged discrimination resulted in the interference with plaintiff's property rights.[1] Although the court is sympathetic to plaintiff's situation, her claim does not give rise to a constitutional claim.[2]

Finally, the court declines to exercise jurisdiction over any state law claims

---

1. Plaintiff also attempts to brings a federal claim pursuant to the Violence Against Women Act, 42 U.S.C. § 13981. (Compl. at ¶¶ 8-10.) Although 42 U.S.C. § 13981 formerly authorized a cause of action arising out of a crime of violence motivated by gender, the Supreme Court has held the statute unconstitutional. See United States v. Morrison, 529 U.S. 598, 601 (2000); Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009). Accordingly, plaintiff does not state a claim pursuant to this statute.

2. Plaintiff is advised that Brooklyn Community Services ("BCS") provides free counseling to litigants who are representing themselves in this Court. BCS does not provide legal advice or legal representation, but the services that it offers may be helpful to plaintiff and her family. Plaintiff may schedule an appointment by calling Adele Saleem at 718-310-5626.

that plaintiff may have. Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Because the court has dismissed plaintiff's federal claims, the court will decline to exercise jurisdiction over plaintiff's state law claims.

## Conclusion

Accordingly, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/

KIYO MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
July 25, 2011